# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ROBERT JOE TINGLE (# K1779)**                                    **PETITIONER**

**v.**                    **No. 2:06CV179-M-A**

**WARDEN WAYMON BYRD, ET AL.**                                    **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Robert Joe Tingle for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. The petitioner has not responded, and the deadline for response has expired. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

### Facts and Procedural Posture

Robert Joe Tingle pled guilty in the Circuit Court of Panola County, Mississippi, to two counts of fondling of a child under the age of sixteen. He was sentenced March 6, 2000, to serve two concurrent terms of fifteen years in the custody of the Mississippi Department of Corrections, with ten years to serve and five years post-release supervision. By statute there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The petitioner's first attempt to obtain a review of his plea and sentence was a request for out-of-time appeal in the Panola County Circuit Court on April 27, 2005. The petitioner's request was denied May 2, 2005, and in that order the court instructed him to file for post-conviction relief. The petitioner then attempted to file a motion for post-conviction relief in the trial court. On August 12, 2005, the trial court entered an order to return the petitioner's motion to him unfiled because he had failed

to pay the costs of filing and had not been certified as a pauper. The trial court had previously found that the motion was untimely filed under the state's three-year statute of limitations. The petitioner again attempted to file for post-conviction relief in October 2005, but the post-conviction petition was returned unfiled because the petitioner failed to pay the docketing fee and was again denied *in forma pauperis* status. The petitioner filed a notice of appeal from the lower court's order; however, that appeal was dismissed on May 16, 2006, for failure to pay the costs. The petitioner filed a motion to reinstate, which was denied July 11, 2006.

Following the dismissal of his appeal – and despite the fact that the lower court was the court of proper jurisdiction – the petitioner filed an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court in September 2006. The Mississippi Supreme Court denied the application September 27, 2006. The instant federal petition for a writ of *habeas corpus* was received in this court October 25, 2006.

## Discussion

This case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively
>applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims
>presented could have been discovered through the exercise of due
>diligence.
>
>(2) The time during which a properly filed application for State post-conviction or
>other collateral review with respect to the pertinent judgment or claim is pending
>shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Although there is a statutory prohibition against direct appeals from guilty pleas under state law, the Mississippi Supreme Court carved out an exception when an alleged illegal sentence is at issue, allowing an appeal from a guilty plea within thirty days. *Burns v. State*, 344 So.2d 1189 (Miss. 1977). The court, therefore, must add the period of time allowed for seeking review of an alleged illegal sentence under state law – thirty days in Mississippi. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). As such, the petitioner's conviction became final on April 5, 2000 – thirty days after his sentencing order was entered (March 6, 2000 + 30 days). Therefore, absent statutory or equitable tolling, the one-year deadline for filing a federal petition for a writ of *habeas corpus* became April 5, 2001 (April 5, 2000 + 1 year).

The petitioner enjoys neither statutory nor equitable tolling in this case. The federal statute of limitations expired on April 5, 2001 – long before the petitioner's first state post-conviction pleading was filed on April 27, 2005. Therefore, none of the state court post-conviction pleadings tolled the one-year statute of limitations period set forth in 28 U.S.C. 2244(d). As such, the tolling portion of §2244(d)(2) is not applicable to the instant case. In addition, the petitioner has not alleged any "rare and exceptional" circumstance to warrant

equitable tolling. *Ott v. Johnson*, 192 F.3d at 513-14. Hence, the federal statute of limitations ran continuously until its expiration on April 5, 2001.

Under the "mailbox rule," a *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the petition was filed sometime between the date it was signed on October 20, 2006, and the date it was received and stamped as "filed" in the district court on October 25, 2006. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 2,024 days after the April 5, 2001, federal *habeas corpus* deadline. For this reason, the instant petition for a writ of *habeas corpus* must be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of February, 2007.

                                                       **/s/ Michael P. Mills**
                                                       **UNITED STATES DISTRICT JUDGE**